## THE GOLDEN RULE.[*]

*(Circuit Court, E. D. Louisiana.   November 18, 1881.)*

**1. CONTRACTS—EVIDENCE.**

Parol evidence is inadmissible to vary the terms of a written contract.

**2. COMMON CARRIER—DELAY IN DELIVERY—DAMAGES.**

In the ordinary case of delay by a common carrier in delivering goods, the measure of damages is the difference in their market value at the time when actually delivered and when they should have been delivered.

In Admiralty.

*I. R. Beckwith* and *E. D. Craig,* for libellant.

*B. Egan,* for claimants.

PARDEE, C. J.   This is a suit brought on a bill of lading to recover damages for the failure to deliver in time the goods shipped.   The first question is as to whether the defendants had the right to disregard the bill of lading because of representations said to have been made by the drayman who delivered the goods to the steam-boat, to the steam-boat clerk, following which the goods were stowed as through freight for New Orleans, and not as way freight; so that when the proper landing was reached the goods could not be landed without great trouble and delay.   The goods were, therefore, not landed on the down trip of the boat, but were landed on the return trip, causing a delay of about eight days.   Such a defence cannot be listened to, as otherwise every bill of lading could be altered or varied by the recollections of a steam-boat mate, or the interference of disinterested parties.   The carrying contract, reduced to writing in a bill of lading, can no more be altered or varied by parol evidence than any other written contract.   See *The Delaware,* 14 Wall. 579.   But, outside of this, unauthorized parties certainly cannot change the contract between the ship and the shipper.

The other question is as to the rule of damages.   The freight shipped was about 140 wheelbarrows, and the libellant claims that, at the place of landing, he had a contract or job to repair or build a levee, with 125 men in waiting to use the wheelbarrows; and that during the delay the men could not work; and that libellant was compelled to keep and support the men at an expense of $1.25 each per day, thereby being damaged to that extent by the negligent failure of the defendant boat to deliver the freight in time.   A statement of libellant's claim seems to decide it against him, particularly as there is no showing whatever that the defendant boat was in anywise

*Reported by Joseph P. Horner, Esq., of the New Orleans bar.

advised of the circumstances rendering the delivery of the wheelbarrows a matter of urgency. These damages claimed are consequential. Without notice of urgency and special contract the measure of damages, for delay in delivery of goods shipped by a common carrier, is the difference in the market value at the time of the delivery and the time when the goods should have been delivered. See Desty, Adm. § 256. As to any such difference in value there is no evidence.

The libel was properly dismissed in the district court, and the same decree will be entered in this court.